United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GREG ALLEN LEWIS, SR.,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **KILOLO KIJAKAZI,** § <br> *Commissioner of* § <br> *Social Security Administration*, § <br> § <br> **Defendant.** § | CIVIL ACTION NO. 4:23-CV-129 |

## MEMORANDUM AND ORDER

Plaintiff Greg Allen Lewis, Sr. ("Plaintiff") filed this lawsuit against Defendant Kilolo Kijakazi ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (Dkt. No. 1.) Pending before the Court[1] are the Parties' Motions for Summary Judgment. (Dkt. Nos. 10, 12.) Based on the briefing, record, and relevant law, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 12), **DENIES** Commissioner's Motion for Summary Judgment (Dkt. No. 10), and **REMANDS** the case for further administrative proceedings.

**I.    BACKGROUND**

On April 20, 2021, Plaintiff filed an application for disability insurance. (Dkt. No. 3-4 at 3.)[2] Plaintiff sought benefits beginning on June 5, 2019, for "Hand/Wrist/Arm Problem; Shoulder Problem." (*Id.*) Plaintiff's claims were initially denied by the Social Security Administration on July 21, 2021, and again on reconsideration on January 26, 2022. (*Id.* at 12, 22.) Plaintiff requested

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (Dkt. No. 9.)

[2] The Administrative Record in this case can be found at Dkt. No. 3.

a hearing before an Administrative Law Judge ("ALJ"). (Dkt. No. 3-5 at 52.) ALJ D'Lisa Simons held a hearing on July 8, 2022, where Plaintiff was represented by counsel. (Dkt. No. 3-3 at 38.) Plaintiff testified at the hearing. (*Id.* at 39.) Lionel Bordelon, a vocational expert ("VE"), also testified. (*Id.*)

On August 3, 2022, the ALJ denied Plaintiff's application for benefits, finding Plaintiff not disabled at Step Four of the evaluation process.[3] (*Id.* at 15-24.) At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 5, 2019. (*Id.* at 17.) At Step Two, the ALJ found Plaintiff had the following severe impairments: left distal bicep rupture; erosion of non-dominant left hand; degenerative disc disease (lumbar spine); radial neuropathy to left upper extremity; and morbid obesity. (*Id.* at 17.) At Step Three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (*Id.* at 18.) The ALJ found Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with additional limitations. (*Id.*) Specifically, Plaintiff can:

> lift, carry, push, and pull up to 20 pounds, occasionally and 10 pounds, frequently, but only 10 pounds with the left, nondominant extremity. Further, the claimant can sit, stand, or walk up to 6 hours each throughout the 8 hour workday; would be able to walk the distance of a block at a reasonable pace; would be limited to occasional overhead reaching and occasional feeling with the left upper extremity; can occasionally crouch and crawl and frequently kneel, stoop, and balance; frequently climb ramps or stairs, but never scaffolding, ropes, or ladders; and should avoid concentrated

---

[3] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

> exposure to environments with extreme cold, humidity, and vibration, as well as, dangerous machinery and unprotected heights.

(*Id.* at 18-19.) At Step Four, the ALJ found Plaintiff was capable of performing past relevant work as a pest control worker/home inspector and outside delivery (salon). (*Id.* at 22.) Therefore, the ALJ found Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 23.)

Plaintiff appealed to the Appeals Council on August 29, 2022. (Dkt. No. 3-5 at 155.) On November 7, 2022, the Appeals Council denied Plaintiff's request for review. (Dkt. No. 3-3 at 2.) Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On January 9, 2023, Plaintiff filed this civil action under 42 U.S.C. § 405(g). (Dkt. No. 1.)

## II.  STANDARD OF REVIEW

The court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings

of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III.    DISCUSSION

Plaintiff asserts two points of error. Plaintiff contends that (1) the ALJ's RFC determination is unsupported by substantial evidence because she failed to properly evaluate the opinion evidence and (2) the ALJ erred at Step Four because she failed to resolve the apparent unresolved inconsistencies presented between the testimony of the VE and the Dictionary of Occupational Titles. (Dkt. No. 13 at 2.) Conversely, Commissioner contends that substantial evidence supports the ALJ's consideration of medical opinion evidence to determine Plaintiff's RFC and his ability to perform either his past relevant work or other work existing in significant numbers in the national economy. (Dkt. No. 17 at 1.)

a. The ALJ's RFC Determination

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because she failed to properly evaluate the opinions of Dr. Joshua T. Woody and Dr. Sonya L. Brock. (Dkt. No. 13 at 10.)

For claims filed on or after March 27, 2017, the Social Security Administration requires ALJs to explain how they evaluate a medical opinion's persuasiveness. *See Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). "In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) 'other factors that tend to support or contradict' the opinion." *Id.* (citing and quoting 20 C.F.R. § 404.1520c(c)). Among those factors, the most important are supportability and consistency.[4] *Id.* § 404.1520c(b)(2); *see also Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021), *report and recommendation adopted*, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021) (explaining that a "sufficient explanation of the supportability and consistency of medical opinions is . . . a critical portion of the analysis."). Because supportability and consistency are the two most important factors, the regulations state that an ALJ "will explain how [they] considered supportability and consistency factors for a

---

[4] "Supportability" focuses on how well the medical evidence and supporting explanations given by the medical provider support the provider's opinion. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). "Consistency" is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *See id.* § 404.1520c(c)(2).

medical source's medical opinions or prior administrative medical findings in [their] determination or decision." 20 C.F.R. § 404.1520c(b)(2) (emphasis added).

When analyzing the sufficiency of an ALJ's explanation, courts have required that "there be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (collecting cases). "A generic statement or summary that a medical provider's opinion is inconsistent with the record as a whole" is insufficient. *Rodriguez v. Kijakazi*, No. 4:21-CV-02087, 2022 WL 18396335, at *4 (S.D. Tex. Dec. 15, 2022), *report and recommendation adopted sub nom. Rodriguez v. Comm'r of Soc. Sec.*, No. 4:21-CV-02087, 2023 WL 2695117 (S.D. Tex. Mar. 27, 2023). "At a minimum, an ALJ's persuasiveness explanation should enable the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence." *Ramirez v. Kijakazi*, No. 4:21-CV-03780, 2023 WL 1456786, at *3 (S.D. Tex. Feb. 1, 2023), *report and recommendation adopted*, No. 4:21-CV-03780, 2023 WL 2145541 (S.D. Tex. Feb. 21, 2023). Without guidance from the ALJ, the reviewing court can only speculate about their reasons for finding an opinion unpersuasive. *Ramirez v. Saul*, No. SA-20-CV-00457, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021); *Pearson*, 2021 WL 3708047, at *5.

1. ALJ's evaluation of Dr. Joshua T. Woody

The ALJ found the February 2022 Texas Workers' Compensation Report from Dr. Joshua T. Woody somewhat persuasive. (Dkt. No. 3-3 at 21.) As to supportability, the ALJ stated Dr. Woody's report was "supported by a longitudinal treatment record of [Plaintiff]'s condition." (*Id.*) As to consistency, the ALJ stated "[o]ther than the prior administrative findings, there were no other medical opinions with which to evaluate consistency." (*Id.*)

The Court finds that the ALJ failed to provide an "adequate discussion" of at least how supportable or consistent Dr. Woody's opinion was with the record evidence. The ALJ's cursory statement that Dr. Woody's opinion was supported does not discuss on how well the medical evidence and supporting explanations given by the medical provider support the provider's opinion. *See* 20 C.F.R. § 404.1520c(c)(1). Further, the ALJ makes very little effort to analyze the consistency of Dr. Woody's opinion. *See id.* § 404.1520c(c)(2) (defining consistency" as "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, *by the entire record*.") (emphasis added). As a result, the ALJ's analysis fails to comply with Section 404.1520c. *See Rodriguez*, 2022 WL 18396335, at *4 (finding an ALJ's analysis failed to comply where it did not discuss the supportability of a medical opinion and where it concluded the medical opinion was consistent with the ALJ's own conclusions); *Howen v. Saul*, No. 4:19-CV-4358, 2021 WL 1169331, at *6 (S.D. Tex. Mar. 25, 2021) (describing an ALJ's finding as to a medical opinion as "cursory" where the ALJ wholly failed to articulate how the medical evidence and the doctor's explanations supported the opinion or how consistent the opinion was with other sources).

2. <u>ALJ evaluation of Dr. Sonya L. Brock</u>

The ALJ's persuasiveness explanation for Dr. Sonya L. Brock is non-compliant as well. The ALJ found Dr. Brock's assessment "not . . . entirely persuasive." (Dkt. No. 3-3 at 20.) The ALJ explained that "[w]hile this assessment was supported by a review of [Plaintiff]'s records, it was inconsistent with other opinions discussed in this decision." (*Id.*) This cursory statement ignores the requirement that the ALJ articulate how supportable Dr. Brock's assessment is with respect to record's "objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(2). Further, the ALJ did not properly explain how Dr. Brock's assessment was not

consistent with the record. Accordingly, the ALJ's persuasiveness explanation for Dr. Sonya L. Brock is deficient.

    b. <u>The ALJ's errors were prejudicial</u>

Having determined that the ALJ erred, this Court must consider whether the ALJ's errors harmless. *See generally Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)) (applying harmless error analysis when the court ruled that the ALJ's failure to set out the bases for her decision at step three was erroneous). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *4 (S.D. Tex. Mar. 29, 2022) (internal quotations omitted).

Here, the ALJ's errors were prejudicial. As explained above, the ALJ failed to comply with Section 404.1520c in her RFC determination. Had the ALJ applied the proper framework for analysis, she may have reached a different RFC determination. Moreover, the ALJ's use of the RFC in Step Four compounds the error, making it more "conceivable that the ALJ could make a different administrative decision upon further review." *Shugart*, 2022 WL 912777, at *4. Thus, the legal error was prejudicial because it "clearly implicates [Plaintiff's] substantive rights." *Rodriguez*, 2022 WL 18396335, at *7 (internal quotations omitted).

Accordingly, remand is warranted, upon which the ALJ should provide the full analysis required for the RFC determination.[5]

---

[5] Because the ALJ committed legal error in the RFC determination, which requires the reversal and remand of the ALJ's decision, the Court does not reach the remaining issues.

## IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 12), **DENIES** Commissioner's Motion for Summary Judgment (Dkt. No. 10), and **REMANDS** the case for further administrative proceedings.

**SIGNED** in Houston, Texas on December 28, 2023.

Sam S. Sheldon
United States Magistrate Judge